

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*   *Direct Dial: (973) 645-2700*
*Newark, New Jersey 07102*     *Facsimile: (973) 297-2006*

RA/PL AGR

May 14, 2019

Michael Calabro, Esq.
475 Bloomfield Avenue
Newark, NJ 07107

      Re: <u>Plea Agreement with Daniel Pent</u>

Dear Mr. Calabro:

      This letter sets forth the plea agreement between your client, Daniel Pent, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Daniel Pent to a three-count Information charging him with: (a) conspiring to deprive individuals of their civil rights, namely their right to be free from unreasonable searches and seizures, and their right not be deprived of property without due process of law, by one acting under color of law, in violation of 18 U.S.C. § 241; (b) depriving individuals of their civil rights, namely their right to be free from the use of unreasonable force by a law enforcement officer, resulting in bodily injury, in violation of 18 U.S.C. §§ 242 and 2; and (c) falsification of records, in violation of 18 U.S.C. §§ 1519 and 2. If Daniel Pent enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Daniel Pent for depriving individuals of their civil rights, and concealing his conduct by submitting false police reports, while employed as a Paterson police officer, between in or about 2015 and in or about April 2017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Daniel Pent agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Daniel Pent may be commenced against him, notwithstanding the expiration of the limitations period after Daniel Pent signs the agreement.

Sentencing

The violation of 18 U.S.C. § 241 charged in Count 1 of the Information to which Daniel Pent agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 242 charged in Count 2 of the Information to which Daniel Pent agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1519 charged in Count 3 of the Information to which Daniel Pent agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest. The sentence on each count may run consecutively.

The sentence to be imposed upon Daniel Pent is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Daniel Pent ultimately will receive.

Further, in addition to imposing any other penalty on Daniel Pent, the sentencing judge: (1) will order Daniel Pent to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Daniel Pent to pay restitution on Counts 1 and 2 pursuant to 18 U.S.C. § 3663 et seq.; and (3) may require Daniel Pent to serve a supervised release term of not more than 3 years on each count, which will begin at the expiration of any term of imprisonment imposed. Should

Daniel Pent be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Daniel Pent may be sentenced to not more than 2 years' imprisonment on each count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Daniel Pent by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Daniel Pent's activities and relevant conduct with respect to this case.

Stipulations

This Office and Daniel Pent agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Daniel Pent from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Daniel Pent waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Daniel Pent understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Daniel Pent understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Daniel Pent wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Daniel Pent understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Daniel Pent waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Daniel Pent. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Daniel Pent.

No provision of this agreement shall preclude Daniel Pent from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Daniel Pent and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: RAHUL AGARWAL
Assistant U.S. Attorney

APPROVED:

Lee M. Cortes, Jr.
Deputy Chief, Special Prosecutions Division

5

I have received this letter from my attorney, Michael Calabro, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____ Date: 7/23/19
Daniel Pent

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____ Date: 7/23/2019
Michael Calabro, Esq.

<u>Plea Agreement With Daniel Pent</u>

<u>Schedule A</u>

1.  This Office and Daniel Pent recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Daniel Pent nevertheless agree to the stipulations set forth herein.

2.  The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count 1: Conspiracy Against Civil Rights**
**(18 U.S.C. § 241)**

3.  The applicable guideline is U.S.S.G. § 2H1.1. Because the offense involved two or more participants, the base offense level is 12. <u>See</u> U.S.S.G. § 2H1.1(a)(2).

4.  Because Daniel Pent was a public official at the time of the offense and because the offense was committed under color of law, there is an increase of 6 levels. <u>See</u> U.S.S.G. § 2H1.1(b)(1)(A) & (B).

5.  The offense level for Count 1 is 18.

**Count 2: Deprivation of Rights**
**(18 U.S.C. § 242)**

6.  The applicable guideline is U.S.S.G. § 2H1.1. Because the offense involved the use or threat of force against a person, the base offense level is 10. <u>See</u> U.S.S.G. § 2H1.1(a)(3).

7.  Because Daniel Pent was a public official at the time of the offense and because the offense was committed under color of law, there is an increase of 6 levels. <u>See</u> U.S.S.G. § 2H1.1(b)(1)(A) & (B).

8.  The offense level for Count 2 is 16.

**Count 3: Falsification of Record**
**(18 U.S.C. § 1519)**

1.  The applicable guideline is U.S.S.G. § 2J1.2. The base offense level is 14. <u>See</u> U.S.S.G. § 2J1.2(a).

2.  The offense level for Count 3 is 14.

**Grouping**

3.  Count 3 is to be grouped together with Count 1. See U.S.S.G. § 3D1.2(c). However, Counts 1 and 2 are <u>not</u> to be grouped together into a single Group. U.S.S.G. § 3D1.2(d). Thus, there are two Groups. Counts 1 and 3 consist of Group One, and Count 2 consists of Group Two.

4.  The offense level for Group One is 18. U.S.S.G. § 3D1.3(a). It consists of one Unit. U.S.S.G. § 3D1.4(a).

5.  Pursuant to U.S.S.G. § 3D1.4(c), the offense level for Group Two is 1-4 levels less serious than the Group with the highest offense level. Accordingly, it consists of 1 unit.

6.  Pursuant to U.S.S.G. § 3D1.4, there are two Units. Accordingly, there is an increase of 2 levels.

**Total Offense Level**

7.  There is an increase of 2 levels for obstructing or impeding the administration of justice. See U.S.S.G. § 3C1.1.

8.  Accordingly, the total offense level is 22.

**Acceptance of Responsibility**

9.  As of the date of this letter, Daniel Pent has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Daniel Pent's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Daniel Pent has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Daniel Pent's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Daniel Pent enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Daniel Pent's acceptance of responsibility has continued through the date of sentencing and Daniel Pent therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Daniel

Pent's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Daniel Pent is 19 (the "agreed total Guidelines offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13. Daniel Pent knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.